# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

ANTONIO SMITH,                )
                             )
                    Plaintiff,    )
                             )
v.                            )                    CV424-079
                             )
FRANK BISIGNANO,              )
                             )
                    Defendant.    )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Antonio Smith seeks judicial review of the Social Security Administration's denial of his application for Disability Insurance Benefits (DIB).

## I.    GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

1

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.'   [Cit.]   It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)).   Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).   The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled.   20 C.F.R. § 404.1520(a)(1).   If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step.   *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i).   At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe."   *Id.* § 404.1520(a)(4)(ii).   At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment.   *Id.* § 404.1520(a)(4)(iii).   If not, the ALJ must then determine at step four whether the claimant has the [residual functional

capacity ("RFC")] to perform her past relevant work.  *Id.* § 404.1520(a)(4)(iv).  If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience.  An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022).  RFC is what "an individual is still able to do despite the limitations caused by his or her impairments."  *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012).  "The ALJ makes the RFC determination based on all relevant medical and other evidence presented.  In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step."  *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

3

## II.   BACKGROUND

Smith, born on March 12, 1980, applied for DIB on April 5, 2021, alleging disability due to an inability to walk with a right heel injury, nerve damages to his right foot, and right leg and foot pains, with an onset date of November 2, 2020.  Tr. 98, 214-17.  He completed some college before joining the military, tr. 74, and has past relevant work as an aircraft worker, tr. 60, 246.

The ALJ found that Smith's right foot soft tissue injury, hypertension, obesity, degenerative disc disease, and osteoarthritis were severe impairments,[1] tr. 51, but determined they did not meet or medically equal a Listing, tr. 51-53.  The ALJ then found that, through the date last insured, Smith retained the RFC to perform a light work, except:

> he can stand/walk 4 hours per workday with the usual and customary breaks, sit 6 hours per day, using, if desired, a cane for ambulation, and:
>
> - He should never climb ladders, ropes or scaffolds, but can otherwise occasionally perform postural movements of climbing ramps or stairs, balancing, stooping, crouching, or crawling.

---

[1]  The ALJ found Smith's hypercholesterolemia, right heel spur, COVID-19 positive status, cellulitis/osteomyelitis, irritable bowel syndrome, infertility, depression, sinusitis, nasal congestion, neuritis/neuropathy, carpal tunnel syndrome, and history of substance abuse to be not severe.  Tr. 51.

4

- He should not have exposure to hazards such as unprotected elevations[.]

Tr. 53-59.

The ALJ determined that Smith could not perform his past relevant work as an aircraft worker as he actually performed it at the heavy exertional level, tr. 60, but found that there are jobs that exist in significant numbers in the national economy that he could perform, tr. 60-61.  Therefore, he was found to be not disabled.  Tr. 61.  The Appeals Council denied Smith's request for review.  Tr. 31-36.  The ALJ's May 24, 2023 decision, tr. 45-66, is the final decision of the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) ("When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [courts] review the ALJ's decision as the Commissioner's final decision.").

Smith filed the instant lawsuit seeking judicial review of the ALJ's decision.  *See generally* doc. 1; *see also* 42 U.S.C. § 405(g).  The parties have submitted their briefs.  *See* docs. 11, 12, & 13.  The matter is ripe for disposition.  *See* Rule 5, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("The action is presented for decision by the parties' briefs.").

## III.  ANALYSIS

Smith argues the ALJ did not properly evaluate the evidence to determine his RFC.  Doc. 11 at 5.  He first challenges the ALJ's weighing of medical opinion evidence from an orthopedist, Dr. Derrick Phillips.  *Id.* at 7-9.  In a June 2021 letter, Dr. Phillips indicated he had seen Smith twice related to his right heel.  Tr. 912-13.  He opined that Smith's heel condition was "chronic," and that Smith was "significantly disabled in regard to this situation."  Tr. 913.  The main problems identified were "the extreme tenderness of the heel consistent with chronic neuropathy at this point with a very tender scar, the chronic equinus deformity also therefore with inability to put any weight whatsoever on the foot, as well as the progressive atrophy of his calf muscle . . . ."  *Id.*

The ALJ expressly considered Dr. Phillips' letter and found it not persuasive, since "his opinion is unsupported by the record, which does not indicate the claimant's symptoms/limitations are as severe/persistent as the orthopedist indicates."  Tr. 56.  The ALJ also found that Smith remaining non-weight bearing 18 months after his initial injury was "inconsistent with healing of his wound and clinical

findings indicating normal lower extremity strength and intact sensation." *Id.* Smith argues this was error, since his "longitudinal record does indicate [his] foot symptoms have remained persistent and refractory to treatment in addition to the residual symptoms he has developed, including the extreme tenderness of his heel consistent with chronic neuropathy and progressive atrophy of his calf muscles as identified by Dr. Phillips." Doc. 11 at 9. Smith also argues the ALJ's discussion of his ability to bear weight on his foot is incorrect because it does not acknowledge the "extreme sensitivity" he has in his heel, his ongoing need for medications to manage his pain, or evidence that his scar "was leaking blood at nighttime" in January 2022, more than a year after his initial injury. *Id.*

For claims filed after March 27, 2017, as here, the ALJ will not defer or give any specific weight to medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(a); *see also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896-98 (11th Cir. 2022) (affirming the new regulations that eliminate the treating physician rule for claims filed after March 27, 2017). Under the applicable regulation, to determine the persuasiveness of a medical

opinion or prior administrative finding in the record, the ALJ focuses on factors that include supportability, consistency, the medical source's relationship with the claimant, and the medical source's specialization. 20 C.F.R. § 404.1520c(c).

The Eleventh Circuit summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).

> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

*Id.* As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

In considering Smith's arguments about the ALJ's consideration of Dr. Phillips' letter, it is important to first note how the applicable regulations define a medical opinion. A "medical opinion" is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in . . . [y]our ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching) . . . ." 20 C.F.R. § 404.1513(a)(2)(i). Evidence can also be "objective medical evidence," which is "medical signs, laboratory findings, or both," or "other medical evidence," which is "evidence from a medical source that is not objective medical evidence

or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(1), (3).

Not all of Dr. Phillips' commentary in his June 2021 letter constitutes a medical opinion. *See* tr. 912-13. In particular, his opinion that Smith is "significantly disabled" as a result of his right heel is a statement on an issue reserved to the Commissioner and is therefore "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c)(3)(i). His determination that Smith's heel injury is "chronic," and his identifications of the "main problems" with Smith's heel, are the orthopedist's judgment about the nature and severity of the injury, and his prognosis for that injury. *See* tr. 912-13; *see also* 20 C.F.R. § 404.1513(a)(3). Therefore, the ALJ was not required to specifically determine the persuasiveness of these determinations. *See, e.g., Dye v. Comm'r of Soc. Sec.*, 2022 WL 970186, *4 (M.D. Fla. Mar. 31, 2022) (where physician's letter did not assess the extent to which claimant could perform any particular function in a work setting, it did not constitute a medical opinion, and the ALJ was not required to

assess anything in the letter for its persuasiveness or offer any reason for not finding its contents persuasive). Instead, the ALJ was only required to consider them. *See* 20 C.F.R. § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."). Here, the ALJ obviously considered Dr. Phillips' letter. Tr. 56. That is sufficient.

Additionally, even if Dr. Phillips' letter contained a medical opinion subject to the more rigorous analysis of 20 C.F.R. § 404.1520c, the ALJ sufficiently weighed the evidence. In deciding that Dr. Phillips' letter was unpersuasive, the ALJ gave specific reasons, with citations to the record, for why he believed it was unsupported by and inconsistent with the record. See tr. 56-57. After a reviewing the record, the Court finds that substantial evidence supports those conclusions. *See Biestek*, 587 U.S. at 103 ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)).

Plaintiff argues the ALJ's consideration of Dr. Phillips' letter is problematic, in part, because Dr. Phillips' opinion about the chronic

11

nature of Smith's foot injury is supported by consultative examination results from April 2022. Doc. 11 at 9. Dr. Byron Watson conducted the consultative exam and found Smith had difficulty getting up/out of a chair and on/off the exam table, was unable to walk on his heels or toes, and could not do tandem heel walk. Tr. 57 (citing tr. 952). He indicated Smith used a single cane to ambulate, and that the cane appeared to be medically necessary. *Id.* Dr. Watson opined that Smith had limitations in standing and walking, mild limitations with bending and stooping, and can only lift and carry 5-10 pounds on an occasional basis on both the right and left side. Tr. 955. The ALJ considered Dr. Watson's opinions and found them unpersuasive. Tr. 58. In doing so, the ALJ noted that they were inconsistent with contemporaneous treatment records, and unsupported by the record. *Id.* Smith disagrees with the ALJ's analysis and identifies portion of the record that would support a different finding, but that is not enough to meet the standard this Court must apply on review. It would be improper for this Court to reweigh the evidence or substitute its judgment for the ALJ's judgment. *Mitchell*, 771 F.3d at 782. The ALJ's analysis of Dr. Watson's opinions is supported by substantial evidence, and Dr. Watson's examination

findings do not, therefore, call into question the ALJ's analysis of Dr. Phillips' letter.

Plaintiff also generally challenges the ALJ's formulation of his RFC, arguing it lacks substantial support from the record.  Doc. 11 at 11-16.  As discussed above, at step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv), (e).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."  *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 870 n. 5 (11th Cir. 2012) (citations omitted). The ALJ must consider all record evidence about all the claimant's impairments, including those that are not severe, and must consider statements about what a claimant can do from medical sources and the claimant.  20 C.F.R. §§ 404.1545(a); 416.945(a).

After the ALJ presented a detailed summary of Smith's own subjective statements about his symptoms and limitations, tr. 54-55, the medical evidence, tr. 55-58, and Smith's testimony during the hearing, tr. 58-59, he found that "the record does not indicate the

claimant has any disabling symptoms/limitations but does support restricting him to light work," tr. 59. In making this determination the ALJ reviewed the medical evidence and found some opinions unpersuasive, as discussed above. That there may be some evidence in the medical record that supports Smith's argument for disability is not enough. Indeed, even if the other evidence in the record cited by Plaintiff could support a contrary conclusion, it would not compel a reversal of the ALJ's determination. *Adefemi*, 386 F.3d at 1027; *cf. Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports [his] position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion.").

The ALJ also found that Smith's statements and allegations concerning his symptoms and limitations were less persuasive than clinical findings and admitted activities of daily living with a sustained level of functioning, demonstrating he is not as limited as he alleges. Tr. 59. When a claimant provides testimony concerning his subjective symptoms, the ALJ must determine whether there exists "(1) evidence

14

of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If the record shows the claimant has a medically determinable impairment that could reasonably be expected to produce [his] symptoms, the ALJ must evaluate the intensity and persistence of the symptoms in determining how they limit the claimant's capacity for work" in light of the objective medical evidence and statements by the claimant and her doctors. *See Costigan v. Comm'r of Soc. Sec.*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so." *Wilson*, 284 F.3d at 1225. The ALJ followed this rubric, making clear at several points in the decision why he discounted Plaintiff's subjective testimony about his condition and limitations. Tr. 54 (identifying inconsistent statements about his symptoms and limitations); tr. 55-58 (discussing the objective medical evidence), tr. 58-59 (comparing Plaintiff's testimony with other evidence

15

in the record to note inconsistencies).  His decision, and his articulation of Plaintiff's RFC, which includes limitations to account for reported ambulation problems, *see* tr. 53, is supported by substantial evidence.

Finally, Plaintiff contends the ALJ did not properly evaluate his limitations in concentrating, persisting, and maintaining pace.  Doc. 11 at 16-18.  The ALJ considered Smith's allegations of mental limitations in determining whether he had a severe mental impairment, and determined he did not.  Tr. 51-53.  The ALJ did find that Smith had a mild limitation in concentrating, persisting, or maintaining pace, but found "he can concentrate as well as pace himself and persist for typical daily tasks."  Tr. 52.  The ALJ then expressly noted that the RFC analysis reflects the degree of limitation found in his mental function analysis.  Tr. 53.  The Court should find that the ALJ's assessment of the RFC is supported by substantial evidence.

## IV.  CONCLUSION

Because the ALJ's decision is supported by substantial evidence, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C.

§ 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 25th day of July, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

17